UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MARLON D. QUARLES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 18-472-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO J. QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Inmate Marlon Quarles has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] The matter is before the Court for initial screening pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

The relief being requested will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Quarles's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations

---

[1] The Court will substitute Francisco Quintana, the Warden of the Federal Medical Center in Lexington, Kentucky, as the proper respondent in this proceeding. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

-1-

of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief") (citations and internal quotation marks omitted).

Quarles makes four claims in his petition. He first contends that, when he was sentenced in January 2017 for violating the terms of his supervised release in *United States v. Quarles*, No. 2:14-CR-20068-JPM-1 (W.D. Tenn. 2014), the trial court acted in a manner contrary to the United States Sentencing Guidelines by ordering the three 14-month terms of imprisonment to be served consecutively rather than concurrently. Second, he asserts that the trial court violated the Double Jeopardy Clause by using the same facts to find him in violation of his supervised release as those previously used to convict him of drug trafficking in *United States v. Quarles*, No. 1: 16-CR-135-SNLJ-1 (E.D. Mo. 2016). Next, Quarles argues that his guilty plea in the 2016 prosecution is void and unconstitutional because the federal criminal statute under which he was prosecuted (i.e., 18 U.S.C. § 841) "does not exist." Finally, Quarles alleges that the presentence investigation report (he does specify for which case) was "false and inadequate" in violation of Rule 32 of the Federal Rules of Criminal Procedure. [Record No. 1 at 1-4]

The Court will deny Quarles's petition because he may not assert these claims in a § 2241 proceeding. A petition filed under 28 U.S.C. § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). To challenge the legality of a federal conviction or sentence, a prisoner must file a direct appeal or a motion for post-

conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). he may not use a habeas petition filed under 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

There is a narrow exception to this rule for claims of "actual innocence" based upon retroactively-applicable Supreme Court decisions interpreting the substantive reach of the statute of conviction. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). However, the claims in Quarles's petition do not fit within this exception as they merely assert claims of ordinary trial error that could and, therefore, must have been asserted on direct appeal or in a motion under § 2255. Cf. *Holcomb v. Tamez*, 464 F. App'x 343 (5th Cir. 2012); *Bellomo v. United States*, 344 F. Supp. 2d 429 (S.D.N.Y. 2004).

Accordingly, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court is directed to substitute Francisco Quintana, Warden of the Federal Medical Center, as the respondent in this proceeding.

2. Petitioner Quarles's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated August 1, 2018.



Signed By:
*Danny C. Reeves*
United States District Judge